J-S43039-22

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :         PENNSYLVANIA
                                    :
          v.                          :
                                    :
                                    :
ALBERT BRINKLEY                   :
                                    :
          Appellant              :     No. 2026 EDA 2021

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014120-2011

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED MARCH 29, 2023**

Appellant Albert Brinkley appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that the trial court erred in rejecting Appellant's evidentiary challenge and his claims concerning ineffective assistance of counsel.  We affirm.

The underlying facts and procedural history of this case are well known to the parties.  **See** PCRA Ct. Op., 7/1/22, at 1-11; **see also** Trial Ct. Op., 5/29/14, at 2.  Briefly, Appellant was convicted of second-degree murder and related offenses following the 2011 shooting death of Quince Morant.  On May 31, 2013, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole.  After this Court affirmed Appellant's judgment of sentence on direct appeal, our Supreme Court denied

---

[1] 42 Pa.C.S. §§ 9541-9546.

further review. ***See Commonwealth v. Brinkley***, 2256 EDA 2013, 2015 WL 6935538 (Pa. Super. filed July 10, 2015) (unpublished mem.), *appeal denied*, 129 A.3d 1240 (Pa. 2015).

Appellant filed a timely *pro se* PCRA petition on March 26, 2016. Ultimately, after several delays and a bifurcated evidentiary hearing, the PCRA court issued an order dismissing Appellant's petition. ***See*** PCRA Ct. Order, 8/24/21.

On September 2, 2021, Appellant filed a timely notice of appeal. The PCRA court also granted prior PCRA counsel leave to withdraw and appointed appellate counsel on Appellant's behalf. Appellant subsequently filed a motion requesting an extension to file a Pa.R.A.P. 1925(b) statement, which the PCRA court granted. Appellant filed a second request for an extension on November 29, 2021, which the PCRA court denied.

On appeal, Appellant filed an application to remand the matter to the PCRA court. This Court issued an order granting Appellant's request on April 11, 2022. Therein, the Court directed Appellant to file a Rule 1925(b) statement and instructed the PCRA court to issue a supplemental Rule 1925(a) opinion addressing Appellant's claims. Both Appellant and the PCRA court complied with this Court's remand order.

On appeal, Appellant raises the following issues, which we have reordered as follows:

> 1. Did the [PCRA] court abuse its discretion and commit reversible error by finding that evidence, by way of stipulation, of police misconduct in other cases was not admissible pursuant to

Pa.R.E. 404(b), given that Pa.R.E. 404(b)(2) instructs that such evidence is admissible to demonstrate "motive, opportunity, [and] intent."?

2. Was prior PCRA counsel ineffective in failing to investigate, interview, and present witnesses Sharad Dubose, Jerome Boyd, John Ashmore, and Ivory Matthews in preparation for PCRA evidentiary proceedings given that, after initially providing statements inculpatory to Appellant, the witnesses distanced themselves from, or outright rejected, the statements they gave to the police?

3. Was prior PCRA counsel ineffective in its relation to questioning Detective Jenkins about Elante Outterbridge's status as a possible suspect? Raheim Hunter, who was interviewed by Jenkins, initially implicated Outterbridge as a suspect, yet prior PCRA counsel inexplicably failed to address this in his cross-examination of Jenkins[?]

4. Did the trial court abuse its discretion and commit reversible error by dismissing [A]ppellant's claims regarding trial counsel's ineffectiveness grounded in a conflict of interest[] and the appellate counsel's failure to raise and thereby litigate this issue on appeal?

Appellant's Brief at 4-5.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

- 3 -

Here, after reviewing the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion.[2] **See** PCRA Ct. Op. at 1-11. Specifically, we agree with the PCRA court that (1) the PCRA court did not abuse its discretion by rejecting Appellant's request to present evidence of a stipulation regarding police misconduct in an unrelated case; (2) Appellant failed to demonstrate that prior PCRA counsel was ineffective for failing to interview witnesses who recanted their testimony at trial; (3) Appellant failed to establish that prior PCRA counsel was ineffective for failing to cross-examine Detective Jenkins about Elaine Outterbridge's status as a possible suspect; and (4) Appellant failed to establish that trial counsel had a conflict of interest that adversely affected his performance and, therefore, Appellant's layered ineffectiveness claim against both trial counsel and direct appeal counsel was meritless. **See id.** at 4-11.

For these reasons, we conclude that Appellant is not entitled to relief. **See Sandusky**, 203 A.3d at 1043. Accordingly, we affirm.

Order affirmed.

---

[2] We note that the PCRA court's opinion contains a typographical error which states that the initial Rule 1925(a) opinion was filed on January 28, 2021. **See** PCRA Ct. Op. at 3. Our review of the record confirms that the PCRA court issued its initial opinion on January 28, 2022. **See** PCRA Ct. Op., 1/28/22.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/29/2023</u>

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA   :      CP-51-CR-0014120-2011

              :                 **FILED**

v.                        :

              :                **JUL 0 1 2022**

ALBERT BRINKLEY         :      2026 EDA 2021

                                 Appeals/Post Trial
             **OPINION**           Office of Judicial Records

Rose Marie DeFino-Nastasi, J.                July 1, 2022

## PROCEDURAL HISTORY

On May 31, 2013, the Petitioner, along with co-defendant Dwayne Handy, was found guilty by a jury, presided over by the Honorable Rose Marie DeFino-Nastasi, of Second-Degree Murder, two counts of Robbery, and Possession of an Instrument of Crime.

That same day, the Petitioner was sentenced to life imprisonment without the possibility of parole for Second-Degree Murder; a concurrent five (5) to ten (10) years for each count of robbery; and no further penalty for Possession of an Instrument of Crime.

On July 10, 2015, the Superior Court affirmed the Petitioner's judgement of sentence.

On December 29, 2015, the Pennsylvania Supreme Court denied the Petitioner's Petition for Allowance of Appeal.

On March 22, 2016, the Petitioner filed his first Post-Conviction Relief Act Petition ("PCRA").

On July 10, 2017, PCRA counsel filed a *Finley* letter of no merit along with a motion to withdraw as counsel.

On September 15, 2017, the PCRA court issued a 907 notice of intent to dismiss the PCRA petition.

On October 20, 2017, the Petitioner requested a continuance to respond to the 907 Notice, which was granted.

On February 6, 2018, the Petitioner filed an amended PCRA petition.

On August 28, 2018, the PCRA court again issued a 907 notice of intent to dismiss the PCRA petition.

On September 18, 2018, the Petitioner filed a *pro se* response to the court's 907 notice.

On January 22, 2019, the Petitioner filed a counseled motion for leave to file a supplemental amended petition which was granted on January 23, 2019.

On February 4, 2019, the Petitioner filed a counseled supplemental amended petition.

On January 28, 2020, the Petitioner filed a motion to proceed *pro se* which was granted on March 3, 2020, following a *Grazier* hearing.

On July 18, 2020, Petitioner retained David Wesley Cornish, Esq.

On March 30, 2021 and May 25, 2021, a bifurcated evidentiary hearing was held.

On May 25, 2021, the PCRA court denied the PCRA and issued a 907 Notice of Intent to Dismiss.

On June 8, 2021, the Petitioner filed a *pro se* response to the court's 907 notice, raising ineffective assistance of PCRA counsel.

On August 24, 2021, the PCRA petition was formally dismissed.

On September 2, 2021, the Petitioner filed a Notice of Appeal to the Superior Court.

On September 21, 2021, PCRA counsel was permitted to withdraw and appellate counsel was appointed.

On October 22, 2021, the Petitioner filed a motion for extension of time to file his 1925(b) Statement of Matters Complained of on Appeal which was granted on October 26, 2021.

2

On November 29, 2021, the Petitioner filed a second motion for extension of time to file his 1925(b) Statement of Matters Complained of on Appeal, which was denied on December 2, 2021.

On December 8, 2021, the Petitioner filed a 1925(b) Statement of Matters Complained of on Appeal.

On January 28, 2021, the PCRA court filed a 1925(a) opinion, responding to the issues raised in the Petitioner's November 29, 2021, 1925(b) Statement of Matters Complained of on Appeal.

On February 24, 2022, the Petitioner filed an application for remand in front of the Superior Court of Pennsylvania, citing the PCRA court's denial of his second motion for extension of time as a deprivation of the Petitioner's constitutional guarantee to effective assistance of counsel.

On April 11, 2022, the Superior Court remanded the case to the PCRA court to allow the Petitioner the opportunity to file a new 1925(b) Statement of Matters Complained of on Appeal and the PCRA court the opportunity to respond with a supplemental 1925(a) opinion.

On April 25, 2022, the Petitioner filed a 1925(b) statement raising the following claims:

1. The [PCRA] court abused its discretion and committed reversible error by finding that evidence by way of stipulation, of police misconduct in other cases was not admissible pursuant to Pa.R.E. 404(b), given that Pa.R.E. 404(b)(2) instructs that such evidence is admissible to demonstrate "motive, opportunity, [and] intent."
2. Prior PCRA counsel was ineffective in failing to investigate, interview, and present witnesses, Sharad DuBose, Jerome Boyd, John Ashmore, and Ivory Matthews in preparation for PCRA evidentiary proceedings. After initially providing statements inculpatory of appellant, all of these witnesses distanced themselves from, or rejected the statements they gave to the police.
3. The [PCRA] court abused its discretion and committed reversible error by dismissing appellant's claim regarding trial counsel's ineffectiveness

3

grounded in a conflict of interest, and appellate counsel's failure to raise and thereby litigate this issue on appeal.

4. Prior PCRA counsel was ineffective as it relates to questioning Detective Jenkins about Elante Outterbridge's status as a possible suspect, Raheim Hunter, who was interviewed by Jenkins, initially implicated Outterbridge as a suspect, yet prior PCRA counsel, inexplicably, failed to address this in his cross-examination of Jenkins.

## FACTS

The relevant facts of this case are fully set out in the trial court's 1925(a) opinion filed on May 29, 2014.

## ANALYSIS

### ISSUE I

The Petitioner's first claim is the PCRA court abused its discretion and committed reversible error by finding that evidence, by way of stipulation, of police misconduct in other cases, was not admissible pursuant to Pa.R.E. 404(b), given that Pa.R.E. 404(b)(2) instructs that such evidence is admissible to demonstrate "motive, opportunity, [and] intent."

By way of background, PCRA counsel requested the court admit stipulations regarding a pattern of police misconduct which were accepted by a different PCRA judge in a separate PCRA case. The Petitioner claims that the court abused its discretion and committed reversible error by denying this request. Initially, it should be noted that the representative for the Commonwealth of Pennsylvania in this matter was a Deputy Attorney General who did not agree to such stipulations. Therefore, there were no stipulations to admit.

Moreover, the stipulations Petitioner refers to are stipulations entered between an assistant district attorney and PCRA counsel in the case of *Commonwealth v. Onyiah*, before the Honorable Theresa M. Sarmina, at a PCRA hearing. The stipulations regarded misconduct by Detective James Pitts and Detective Omar Jenkins of the Philadelphia Homicide Unit, in that

4

separate and distinct case.[1] PCRA counsel in this matter argued that this court should accept the stipulations as 404(b) evidence and allow them to be used to impeach Detective Jenkins in the instant PCRA matter and that the stipulations were admissible pursuant to Pa. R. E. 404 (b), to show motive, opportunity, intent, and lack of accident in coercing statements to solve homicides.

An abuse of court discretion is more than a mere error of judgment. On appeal, the trial court will not be found to have abused its discretion unless "the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. 2008) *quoting Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003).

PCRA counsel argued in part as follows: "In our case, we are saying these detectives were coercing Mr. Hunter to provide a statement, the same thing that the defense said in *Onyiah*, the same thing that was said in multiple other cases." N.T., 5/25/2021 at 17. The court found that evidence, admitted by way of a stipulation, made between different parties in a completely unrelated case was not admissible in this case.

Importantly, the narrow issue for the PCRA court's consideration at the evidentiary hearing was whether evidence of Detective Philip Nordo's misconduct in other cases qualified as after-discovered evidence, entitling the Petitioner to a new trial.[2] The Petitioner was attempting to enter the stipulations since Detective Jenkins' name appeared on an interview of witness Raheim Hunter along with Detective Nordo's name. However, Hunter did not allege any

---

[1] The Commonwealth handed over stipulations and exhibits from *Commonwealth v. Onyiah*, No. 3010 EDA 2013, 2015 WL 5971352 (Pa. Super. Ct. Sept. 28, 2015).

[2] On June 1, 2022 Philip Nordo was convicted of Rape, Indecent Deviant Sexual Intercourse ("IDSI") by Forcible Compulsion, Sexual Assault, Attempted IDSI, Attempted Sexual Assault, three (3) counts of indecent assault, two (2) counts of stalking, Theft by Deception, Secure Execution of Documents by Deception, and two (2) counts of Official Oppression. *See Commonwealth v. Philip Nordo*, CP-51-CR-0001856-2019.

5

wrongdoing on the part of Detective Jenkins and Detective Pitts was not involved in the investigation of this case. In essence, counsel was attempting to admit evidence of a pattern and practice of the entire Homicide Unit of the Philadelphia Police Department which would be beyond the scope of the hearing and certainly could not be established by stipulations entered in a separate case.

## ISSUE II

The Petitioner's second and fourth claims raise ineffective assistance of PCRA counsel. Therefore, for ease of disposition, the court will address those claims together.

To prevail on a claim of ineffective assistance of counsel, the Petitioner must show: (1) the underlying claim is of arguable merit; (2) counsel's conduct did not have a reasonable basis designed to effectuate the client's interest; and (3) the Petitioner was prejudiced by counsel's conduct. *Commonwealth v. Howard*, 645 A.2d 1300, 1304 (Pa. 1994); *Commonwealth v. Pierce*, 527 A.2d 973, 158–62 (Pa. 1987). The court will presume counsel was effective and the Petitioner bears the burden of proving ineffectiveness. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

The law provides that under the P.C.R.A., counsel is presumed to be effective and the petitioner bears the burden of establishing ineffectiveness. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). A defendant cannot be granted any relief absent the additional showing that counsel's conduct adversely affected the outcome of the proceeding. In assessing a claim of ineffectiveness, when it is clear that the defendant has not met the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

6

*1. Failure to Present Recanting Witnesses*

First, the Petitioner claims that prior PCRA counsel was ineffective in failing to investigate, interview Sharad DuBose, Jerome Boyd, John Ashmore, and Ivory Matthews and present same as witnesses at the PCRA evidentiary proceedings. The only witness called was Raheem Turner.

When a claim of ineffectiveness is premised upon counsel's failure to call a defense witness at trial, the PCRA petitioner must establish: (1) the witness existed; (2) the witness was available to testify for the petitioner; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the petitioner; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the petitioner a fair hearing. *See Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007). The Petitioner must demonstrate how the potential testimony of the uncalled witness would have been beneficial under the facts and circumstances of the case. *Commonwealth v. Johnson*, 996 A.2d 523, 538 (Pa. 2009).

The record reflects that PCRA counsel attempted to locate the trial witnesses prior to the hearing. PCRA counsel stated to the court that his investigator was trying to locate the witnesses. When counsel for co-defendant Handy indicated to the court that he was unable to locate the same witnesses, counsel for Petitioner stated: "I was just making the Court aware that our investigator wasn't able to interview these witnesses either." N.T., 10/20/2020 at 8.

Therefore, the witnesses were either unavailable or unwilling to testify, so this issue has no merit.

As stated in this court's original PCRA opinion, in the absence of testimony from the trial witnesses at the PCRA hearing, the court reviewed their trial testimony.

7

Witnesses DuBose, Boyd, Ashmore, and Matthews testified at trial, each partially or completely recanting their prior statements before the jury.

The shooting victim, Sharard DuBose, identified Brinkley as the shooter while in the hospital. At trial, he testified that he did not recall giving that statement. However, in his statement, he says that Brinkley called him and asked him to come by just before the shooting, which was corroborated by the phone records. Also, in his statement, Sharard DuBose described the gun used as a nine (9) millimeter which was corroborated by ballistics evidence.

Jerome Boyd gave a statement to homicide detectives that on the day of the murder, the Petitioner and Handy came to his apartment in the Busti housing projects and asked for the gun that Petitioner had asked Boyd to hold a week earlier. Boyd handed the Petitioner a nickel plated nine (9) millimeter gun. Approximately twenty-five (25) minutes later he heard numerous shots fired outside.

Jerome Boyd recanted at trial by testifying that he was high on Xanax and did not recall giving the statement. However, he made no claim of threats or misconduct against the detectives. In his statement, he described the gun as nickel-plated 9- millimeter with a black handle which was corroborated by ballistics evidence and John Ashmore's statement that he saw Brinkley shooting a long silver and black gun.

Ivory Matthews, in her statement, told detectives that the Petitioner came into the apartment right after the shooting. Matthews elaborated that Ebony Mathews came into the apartment with 12-year-old John Ashmore, who told them that he saw Brinkley shooting at the victims. Ivory stated that the Petitioner went into the bathroom with Ebony. At trial Ivory recanted her entire statement.

8

John Ashmore, who was twelve years old at the time of this murder, gave a statement that he witnessed the murder. He knew the Petitioner and gave a detailed description of the murder to detectives, with his mother present. Ashmore told detectives that he was coming from the basketball courts when he saw the Petitioner walking while talking on his cellphone. The co-defendant was sitting in a black car, along with two other people. The Petitioner started shooting at the car with a long silver and black gun and the co-defendant got out of the black car, got into another car with a girl and drove off. After the shooting, the Petitioner reached inside the car, took something from the car, and then ran inside the 400 building of the apartment complex. Ashmore stated to detectives that he saw the Petitioner in the apartment in different clothes after the shooting and saw him go into the bathroom with Ebony. At trial, he denied saying anything to detectives. However, he never made any accusation of threats or coercion on the part of the detectives.

Although all the witnesses in this trial attempted to recant partially or completely, their statements were factually and internally consistent with one another and were corroborated by the independent evidence of the phone calls between the Petitioner and one of the victims. There were eleven (11) phone calls to victim DuBose twenty to thirty minutes leading up to the murder and one call directly before the murder. Also, the court noted that Mr. Hunter was the only witness to come forward at the PCRA hearing although Detective Nordo interviewed the surviving victim, Sharard DuBose, and Jerome Boyd.

Since the PCRA hearing was limited to the after-discovered evidence of Detective Nordo's misconduct and its nexus to this case, and none of the named witnesses alleged any misconduct or coercion on the part of Detective Nordo at trial and could not be located to testify at the PCRA hearing, PCRA counsel cannot be found ineffective.

9

## 2. Failure to Effectively Cross-Examine Detective Jenkins

The Petitioner's next claim is that PCRA counsel was ineffective as it relates to questioning Detective Jenkins about Elante Outterbridge's status as a possible suspect. Specifically, the Petitioner argues that Raheim Hunter, who was also interviewed by Detective Jenkins, initially implicated Outterbridge as a suspect, yet prior PCRA counsel, inexplicably, failed to address this in his cross-examination of Jenkins.

This claim fails since PCRA counsel cross-examined Detective Jenkins regarding Raheim Hunter's initial implication of Elante Outterbridge as the shooter. *See* N.T., 5/25/2021 at 77–80.

For example, counsel asked the following:

> Q: "So two people stated initially that Elante Outterbridge was the person who committed this shooting. At what point did you determine that Albert Brinkley was the person who committed the shooting and not Elante Outterbridge?";

> Q.: "So were you aware that Mr. Coleman made a statement that Elante Outterbridge threatened physical safety of the people inside the apartment if they implicated him in that shooting?"; and

> Q: "Did you make the decision to eliminate Elante Outterbridge as a suspect and to focus on Albert Brinkley?" Id.

Therefore, this issue has no merit.

## ISSUE III

The Petitioner's next claim is that the PCRA court abused its discretion and committed reversible error by dismissing appellant's claims regarding trial counsel's ineffectiveness grounded in a conflict of interest, and appellate counsel's failure to raise and thereby litigate this issue on appeal.

In his Amended Petition, the Petitioner claims that trial counsel was ineffective for failing to raise a defense due to a conflict of interest regarding an alternative suspect, Elante Outterbridge, since trial counsel was simultaneously representing Elante Outterbridge in another matter, and Outterbridge was investigated as a suspect prior to the Petitioner in this matter. Petitioner claims that this dual representation prevented counsel from pointing the finger at Outterbridge as the perpetrator of the crimes.

This claim is meritless since trial counsel not only used the inconsistencies in witnesses' statements as a defense but also used an alternative suspect defense to the Petitioner's advantage by cross-examining two Commonwealth witnesses, Raheem Hunter ("Hunter") and Brandon Coleman ("Coleman"), about their initial statements incriminating Outterbridge and arguing in his closing that it was Outterbridge who committed this crime. *See, e.g.* N.T., 5/21/2013 at 203–222. Thus, the Petitioner failed to demonstrate that he suffered prejudice as the result of a conflict of interest that adversely affected trial counsel's performance, as is required, if a petitioner is to prevail on a claim that counsel was ineffective due to a conflict of interest. Since petitioner did not suffer prejudice, appellate counsel cannot be found ineffective for failing to raise the issue on appeal and the PCRA court did not abuse its discretion by dismissing this claim.

## CONCLUSION

Based on the foregoing, the denial of the Petitioner's PCRA should be affirmed.

By the Court:

DeFINO-NASTASI, J.

11

*Commonwealth v. Albert Brinkley*
CP-51-CR-0014120-2011
Opinion

## Proof of Service

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.CrimP. 114:

Defendant:                              Albert Brinkley LA8993
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239

        Type of Service: Certified Mail

Appellate Counsel:          Michael D. Pomerantz, Esq.
Marrone Law Firm, LLC
200 South Broad Street
Suite 400
Philadelphia, PA 19102

        Type of Service: First Class Mail

District Attorney:           Appeals Unit
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107

        Type of Service: Inter-Office Mail

Date: July 1, 2022

Meagan J. Kelly, Esq.
Law Clerk to the
Honorable Rose Marie DeFino-Nastasi